IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSIE BADGER and EMILY GELLATLY, )
individually and on behalf of all others )
similarly situated, )
        Plaintiffs, )
)
  vs )      Civil Action No. 16-1872
)
ADVANCE STORES CO., INC. d/b/a )
ADVANCE AUTO PARTS, )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a motion (ECF No. 6), filed by the Defendant, Advance Stores Co., Inc., d/b/a Advance Auto Parts ("Advance Stores"), to have this case reassigned pursuant to Local Rule 40(D). For the reasons that follow, the motion will be denied.

Plaintiffs, Josie Badger and Angela Hunter, filed this action, individually and on behalf of all others similarly situated, against Advance Stores on December 16, 2016, alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (ADA). Specifically, they allege that the facilities at Advance Stores are not fully accessible to and independently usable by individuals who use wheelchairs for mobility, as they do, because of various barriers in the parking lots and along the paths of travel. They also challenge Defendant's corporate policies and practices, which she contends allow access barriers to recur at Defendant's facilities even after they have been remediated.

On the Civil Cover Sheet that accompanied the Complaint, Plaintiffs checked the box indicating that this case was related to <u>Heinzl v. Cracker Barrel Old Country Stores, Inc.</u>, No. 14-1455, another case involving alleged ADA Title III violations in parking lots and corporate policies and practices affecting plaintiffs with mobility disabilities. (ECF No. 1-1.) As a result,

the case was assigned to the undersigned.

On December 29, 2016, Defendant filed a motion for reassignment (ECF No. 6). On January 23, 2017, Plaintiffs filed a brief in opposition (ECF No. 9). On January 30, 2017, Defendant filed a reply brief (ECF No. 10).

Local Rule 40

As amended effective November 1, 2016, the Local Rules of this Court provide that:

> **D. Related Actions**. At the time of filing any civil or criminal action or entry of appearance or filing of the pleading or motion of any nature by defense counsel, as the case may be, counsel shall indicate on an appropriate form whether the action is related to any other pending or previously terminated actions in this Court. Relatedness shall be determined as follows:
>
> > 1. all criminal actions arising out of the same criminal transaction or series of transactions are deemed related;
> >
> > 2. civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action; and
> >
> > 3. all *habeas corpus* petitions filed by the same individual shall be deemed related. All *pro se* civil rights actions by the same individual shall be deemed related.
>
> **E. Assignment of Related Actions.**
>
> > 1. If the fact of relatedness is indicated on the appropriate form at time of filing, the Clerk of Court shall assign the case to the same Judge to whom the lower numbered related case is assigned, who may reject the assignment if the Judge determines that the cases are not related or the assignment does not otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action.
> >
> > 2. If the fact of relatedness is not indicated on the appropriate form at time of filing, after a case is assigned, the assigned Judge may transfer the later-filed case to the Judge who is assigned the lower-numbered related case, (i) *sua sponte*, (ii) upon motion of a party, and/or (iii) upon suggestion of any other Judge in this Court, if the Judge assigned the later-filed case(s)

> determines that the cases are related or the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action.

LCvR 40(D-E.)

Defendant argues that, pursuant to the Court's definition of "related" cases, the instant action is not related to the Cracker Barrel case. It argues that the parties, properties, factual averments and specific legal violations differ. However, it contends that the case is related to Zipf v. Advance Auto Parts, Inc., No. 14-1088, a case previously filed against it by a different plaintiff, but raising nearly identical claims. Therefore, it argues that the case should be reassigned by Magistrate Judge Cynthia Eddy, who presided over Case No. 14-1088 pursuant to the joint consent of the parties.

Plaintiffs respond that, pursuant to the revised version of the Local Rule, "relatedness" extends to assignments that "otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action." This Court finds Plaintiffs' argument persuasive. First, Defendant appears to be quoting from the prior version of Rule 40, which limited relatedness to the situation in which a newly filed action "involves the same issue of fact." As Plaintiffs observe, although the revised version does not alter the definition of the term "related" in Rule 40(D), it does expand the basis for assignment of related actions under Rule 40(E) by allowing for assignments that "otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action."

Defendant replies that Rule 40(E) does not change the standard for "relatedness" but only sets forth the standard by which the Court can refuse to hear a "related" case. This may be a fair interpretation of Rule 40(E)(1), but Rule 40(E)(2) explicitly states that

3

the Judge who is assigned the later-filed case(s) may transfer it if "the cases are related <u>or</u> the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action." This Court has determined that transferring the case to another judge would not promote the just and efficient conduct of this action.

Although this action could be reassigned by Judge Eddy pursuant to Rule 40(E) for the reasons described above, it is noted that the case she previously handled was closed on May 7, 2015 and that the undersigned is currently managing a series of cases involving accessibility of parking lots and plaintiffs with mobility disabilities, which is the basis for this law suit. <u>See</u> Civ. A. No. 16-1055, et al. Therefore, keeping this case as originally assigned would "promote … the just and efficient conduct of the action."

Finally, it must be noted that Local Rule 40 is a matter of Court administration. It does not entitle a party to have a case heard before a particular judge, nor does it give a party a right to have a judge reject an assignment. The purpose of the rule is not to encourage "judge shopping," but to facilitate the just and efficient management of cases. Indeed, if the Defendant does not file a form consenting to the jurisdiction of a magistrate judge, a district judge will be assigned but the undersigned will "continue to manage the case by deciding non-dispositive motions and submitting reports and recommendation on dispositive motions, unless otherwise directed by the District Judge." LCvR 72(G).

AND NOW, this 1st day of March, 2017,

IT IS HEREBY ORDERED that the Motion for Reassignment filed by Defendant, Advance Stores Co., Inc., d/b/a Advance Auto Parts (ECF No. 6) is denied.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge